805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmie Lee HANDLEY, Plaintiff-Appellant,
v.
The CENTER COMPANIES, INC., Defendant-Appellee.
 No. 85-1761.
 United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1986.
 
 Before KEITH and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Jimmie Lee Handley appeals the decision of the district court granting summary judgment in favor of defendant, The Center Companies ("Company") in an employment discrimination case. Handley, a black person, brought an action against the Company in the summer of 1984 alleging that he was discriminated against on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq., the Civil Rights Act of 1870, 42 U.S.C. Sec. 1981, and Michigan's Elliott-Larsen Civil Rights Act, MCLA Sec. 37.2101 et seq.[1] The Company moved for dismissal and summary judgment pursuant to Fed.R.Civ.P. 12(b)(6) and 56(c). The motion was granted by the Honorable Stewart A. Newblatt, United States District Court for the Eastern District of Michigan. For the reasons set forth below, we affirm the district court's decision.
 
 
 2
 Handley was the sole black employee on the maintenance crew of a shopping mall owned by the Company from 1972 until his termination in 1982. In 1981 Handley was tardy on sixteen occasions. The record shows that Handley also engaged in a confrontation with his supervisor over the signing of a grievance letter. The Company had issued numerous warnings, probationary periods and suspensions to Handley for tardiness and unauthorized absences. On the morning of February 23, 1982, Handley called his supervisor ten minutes before his shift started to inform him that he was not reporting for work that day. At that time Handley was placed on suspension. On March 4, 1982, Handley was notified of his termination by the Company.
 
 
 3
 The parties on motion and in this appeal dispute the motivations of the Company's actions against Handley. Handley submitted affidavits based on information and belief from white co-workers. The affiants alleged that white workers received little or no punishment for the same conduct causing Handley's discharge. Handley contends that these affidavits created genuine issues of material fact as to whether the Company's reasons for his discharge were merely pretextual. The Company submitted tardiness records and other evidence regarding Handley's difficulties with the Company to establish a non-racial motivation for their disciplinary actions and subsequent discharge of Handley.
 
 
 4
 The district court held that Handley could not make out a prima facie case of racial discrimination based on the discharge and reached its conclusion on two grounds. First, the district court reasoned that since Handley was replaced by a black person after his termination no prima facie case of racial discrimination could be established. Second, the district court found that the Company had met its burden of articulating a legitimate, non-discriminatory reason for the action it took against Handley. See McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973). As a result, the district court found summary judgment in favor of the Company to be appropriate.
 
 
 5
 After a review of the record, we agree that there was sufficient evidence to meet the Company's burden of articulating a non-discriminatory reason for discharge. The documented evidence of Handley's tardiness and the Company's scrupulous adherence to its disciplinary procedures support a finding of a non-discriminatory rationale for Handley's termination. Handley's rebuttal evidence, consisting of affidavits submitted by white co-workers alleging disparate treatment, were properly accorded less weight by the district court since the affiants' statements were based on information and belief and not personal knowledge as required by Fed.R.Civ.P. 56(e). Thus, the district court correctly found no genuine issue of material fact, making summary judgment entirely appropriate under the proof scheme set up by McDonnell, 411 U.S. at 804.
 
 
 6
 We digress to note that we cannot agree with the district court's first reason for summary judgment. It is simply neither the law nor the intent of Title VII to require a finding of prima facie discrimination to turn on whether a plaintiff's replacement after discharge is of the same race. The case the district court cited for this proposition, Grubb v. W.A. Foote Memorial Hospital, 741 F.2d 1486 (6th Cir.1984), does not provide support for the district court's interpretation of the law. Moreover, the Company did not rely on the district court's interpretation of Grubb in its appellate argument. McDonnell Douglas requires only that a plaintiff's former position remain open after discharge and that the employer continue to seek applicants of the plaintiff's qualifications. McDonnell Douglas, 411 U.S. at 802.
 
 
 7
 The Grubb misinterpretation notwithstanding, we hold that the district court properly entered summary judgment on behalf of the Company. Accordingly, the judgment in AFFIRMED.
 
 
 
 [1]
 Other claims were alleged in the complaint but the two noted here form the basis of this appeal